UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAD MODESITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-01711-SEB-DML |
| | ) |
| WEXFORD MEDICAL, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion to Reinstate Civil Rights Action**

On June 11, 2021, plaintiff Chad Modesitt, at relevant times an inmate at Heritage Trail Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs.

On November 25, 2021, Mr. Modesitt was released from custody and did not provide an updated address or any contact information. The Court provided Mr. Modesitt time to provide the Court with an updated address and warned him that failure to respond would result in dismissal of his case. Dkt. 29. Mr. Modesitt did not respond, and the action was dismissed without prejudice on January 21, 2022. Dkts. 34, 35.

Nearly a year after final judgment was entered, Mr. Modesitt asks that this case be reopened. Dkt. 42. Mr. Modesitt alleges that he could not provide the Court with an updated address because he became homeless upon his release. *Id.* He is now back at Heritage Trails due to a parole violation for not having a current address. *Id.*

Because of its timing, the motion is understood to be a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Relief under Rule 60(b) is "an extraordinary remedy … granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d

748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law.'") (internal citations omitted). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Mr. Modesitt satisfies none of the requirements for relief under Rule 60(b). In determining whether a dismissal for failure to prosecute is appropriate, and thus whether the Court should consider providing relief under Rule 60(b), the Court should examine "(1) the frequency and egregiousness of the plaintiff's failure to comply with deadlines, (2) the prejudice resulting to the defendants, and (3) the effect of delay on the court's calendar." *Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020).

The Court accepts as true that Mr. Modesitt experienced homelessness after his release from incarceration. But at no time did he contact the Court with a phone number or email address or request an extension of pretrial deadlines on account of his homelessness before dismissal of the case. The Court advised Mr. Modesitt after he filed this action of his obligation to provide updated contact information if his address changed. Dkt. 5. But Mr. Modesitt did not contact the Court until November 21, 2022, ten months after dismissal of the case, when he filed a motion for

case status. Dkt. 37. *Shaffer*, 962 F.3d at 316 (noting seven-month "period of inaction demonstrated a pattern of neglect in [the plaintiff's] duty to litigate his case.").

Further, the defendants would be prejudiced by permitting Mr. Modesitt to reopen the case. The medical care at issue in Mr. Modesitt's case occurred from May 2020 through October 2020. Dkt. 1. Claims brought under § 1983 "borrow the limitations period and tolling rules applicable to personal-injury claims under state law[,]" which in Indiana is two years. *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013). Thus, although dismissal without prejudice means Mr. Modesitt is free to file another lawsuit about this care, it is likely that the new action would be barred by the two-year statute of limitations. Allowing Mr. Modesitt to proceed in this action would deprive the defendants of a previously unavailable affirmative defense.

Finally, reopening the case and implementing a new case management plan after a lengthy period of neglect would have a negative impact on this Court's congested calendar.

In short, Mr. Modesitt has not shown that his abandonment of the case was due to excusable neglect or mistake, or that he deserves relief under any other subsection of Rule 60(b). *See Shaffer*, 962 F.3d at 317 (noting that failure to receive copies of court orders and the defendant's motion to dismiss was not "excusable neglect" under Rule 60(b)(1) because the plaintiff was "responsible for monitoring the status of his case by periodically checking the court's docket.").

Because Mr. Modesitt has not shown that the dismissal of this action was improper and he does not otherwise qualify for relief under Federal Rule 60(b), his motion to reopen this case, treated as a motion for relief from judgment, dkt. [42], is **denied**.

IT IS SO ORDERED.

Date:     1/20/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHAD MODESITT
124246
HERITAGE TRAIL CORRECTIONAL FACILITY
501 W. Main Street
Plainfield, IN 46168

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Erika Lauren Steuerwald
KATZ  KORIN CUNNINGHAM, P.C.
esteuerwald@kgrlaw.com